UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | |
|    KENDRY ALFONSO CORREOSO, : | |
|       Debtor : | CHAPTER 13 |
| : | |
| JACK N. ZAHAROPOULOS, : | |
| STANDING CHAPTER 13 TRUSTEE, : | |
|       Movant : | CASE NO. 1-25-bk-00994-HWV |
| : | |
| KENDRY ALFONSO CORREOSO, : | |
|       Respondent : | |

TRUSTEE'S OBJECTION TO FIRST AMENDED CHAPTER 13 PLAN

AND NOW, this 22nd day of August 2025, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, by and through his attorney Douglas R. Roeder, Esquire, and objects to the confirmation of the above-referenced Debtor's Plan for the following reasons:

    1.    Debtor's Plan violates 11 U.S.C. §§ 1322(a)(1) and 1325(b) in that Debtor has not submitted all or such portion of the disposable income to Trustee as required. More specifically,

Trustee alleges, and therefore avers, that Debtor's disposable income is greater than that of which is committed to the Plan based upon the Means Test calculation and specifically disputes the following amount:

    a.  Income of other adults in the household is not considered.

Trustee alleges, and therefore avers, that Debtor's disposable income is greater than that of which is committed to the Plan based upon disposable income on Schedules I and J and specifically disputes the following amounts:

    a.  Average federal income tax refund is not considered.
    b.  Income of other adults in the household is not considered.
    c.  Pay advices show no deductions for retirement plans or insurance.

    2.    Failure to properly state the liquidation value in Section 1.B. of the Plan. Trustee calculated it at $21,173.00.

    3.    Schedule A/B #3 lacks description.

    4.    Trustee avers that Debtor's Plan is not feasible based upon the following:

      a. The Plan is underfunded relative to claims to be paid as to Liquidation Value.

WHEREFORE, Trustee alleges and avers that Debtor's Plan cannot be confirmed, and therefore, Trustee prays that this Honorable Court will:

      a. deny confirmation of Debtor's Plan;
      b. dismiss or convert Debtor's case; and
      c. provide such other relief as is equitable and just.

Respectfully submitted:

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/ Douglas R. Roeder, Esquire
     Attorney for Trustee

## CERTIFICATE OF SERVICE

      AND NOW, this 22nd day of August 2025, I hereby certify that I have served the within Objection by electronically notifying all parties or by depositing a true and correct copy of the same in the Unites States Mail at Hummelstown, Pennsylvania, postage prepaid, first-class mail, addressed to the following:

Dawn Marie Cutaia, Esquire
Fresh Start Law, PLLC
1701 West Market Street
York, PA 17404

                                            /s/ Derek M. Strouphauer, Paralegal
                                            Office of Jack N. Zaharopoulos
                                            Standing Chapter 13 Trustee